UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROY B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 22-cv-12263 <br> Honorable David M. Lawson <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 11, 13)**

## I.  Introduction

Plaintiff Roy B. appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After reviewing the record, the Court **RECOMMENDS** that:

- Plaintiff's motion (ECF No. 11) be **DENIED**;

- the Commissioner's motion (ECF No. 13) be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

## II. Background

### A. Plaintiff's Background and Disability Application

Born in August 1967, plaintiff was 52 years old at the time of his alleged onset date of May 2020.  ECF No. 7-2, PageID.39, 50.  Plaintiff had past relevant work as a labor relations manager and human resources advisor.  *Id.*, PageID.50.  He claimed to be disabled from spinal stenosis, herniated discs, nerve damage, arthritis, lumbar laminectomy, anxiety, attention deficit hyperactivity disorder, diabetes, and high blood pressure.  ECF No. 7-3, PageID.86.

After the Commissioner denied his disability application initially, plaintiff requested a hearing, which took place in May 2022.  ECF No. 7-2, PageID.39.  Plaintiff and a vocational expert (VE) testified at the hearing.  *Id.*  In the decision that followed, the ALJ found plaintiff not disabled.  *Id.*, PageID.51-52.  The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  *Id.,* PageID.27.  Plaintiff timely filed for judicial review.  ECF No. 1.

**B. The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 404.1520(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

3

education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that plaintiff was not disabled. At the first step, he found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. ECF No. 7-2, PageID.42. At the second step, the ALJ found that plaintiff had the severe impairments of lumbar spinal stenosis and morbid obesity. *Id.* Next, the ALJ concluded that none of his impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id.*, PageID.44-45.

Between the third and fourth steps, the ALJ found that plaintiff had the RFC to perform sedentary work,[2]

> except, he requires the use of an assistive device (such as a cane) for prolonged ambulation defined as greater than 20 feet. He can occasionally push and pull with the bilateral lower extremities. He can perform postural activities occasionally, but

---

[2] Sedentary work involves lifting or carrying no more than ten pounds at a time; occasionally lifting or carrying articles like docket files, ledgers, and small tools; standing or walking for two hours out of an eight-hour workday; and sitting for six hours out of an eight-hour workday. 20 C.F.R. § 404.1567(a); Social Security Regulation (SSR) 83-10.

4

>never climb ladders, ropes, or scaffolds. He cannot work with vibrating tools or around unprotected heights and dangerous moving machinery.

*Id.*, PageID.45. At step four, the ALJ found that plaintiff could not perform his past relevant work as a labor relations manager or human resources advisor. *Id.*, PageID.50. At the final step, after considering plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that he could perform jobs that existed in significant numbers in the national economy, including appointment clerk and information aide. *Id.*, PageID.51. The ALJ thus concluded that plaintiff was not disabled. *Id.*, PageID.51-52.

### III. Analysis

#### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

>Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such

5

>relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff challenges the ALJ's step five analysis. He argues that the ALJ misapplied the medical-vocational guidelines ("the grids"), as he ignored plaintiff's borderline age and erroneously concluded that he had transferable skills. ECF No. 11, PageID.1573-1587. The Court disagrees and recommends that the ALJ's decision be affirmed.

**B.**

The Court begins with plaintiff's argument that the ALJ misapplied the grids. He contends that the ALJ ignored his borderline age and erred in

6

finding that he had transferrable skills. *Id.*, PageID.1583-1586. Plaintiff maintains that, if these errors were corrected, the grids would direct a finding of disabled under Rule 201.06 or 201.14. *Id.*, PageID.1583, 1587. The Court thus evaluates below plaintiff's age categorization and whether he has transferable skills.

1.

At step five, ALJs consider whether claimants can adjust to other work given their age, RFC, education, and work experience. 20 C.F.R. § 404.1563(a). When the ALJ's factual findings on those factors "coincide with all of the criteria of a particular rule [under the grids], the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 200.00(a).

The regulations define "age" as chronological age and provide that "advancing age [is] an increasingly limiting factor in the person's ability to make" a vocational adjustment. 20 C.F.R. § 404.1563(a). Claimants are divided into three age categories: (1) a claimant under 50 is a "younger person," (2) a claimant between 50 and 55 is a "person closely approaching advanced age," and (3) a claimant aged 55 or older is a "person of advanced age." *Id.* § 404.1563(c)-(e). The grids state that the age categories should not be mechanically applied in "borderline situations,"

7

and that the Commissioner had the discretion to "consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* § 404.1563(b).

Plaintiff asserts that the ALJ erred by not applying the older age category. But the regulations do not "impose on ALJs a *per se* procedural requirement to address borderline age categorization in every borderline case." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). Nor do the regulations require ALJs "to address a claimant's borderline age situation in [their] opinion or explain [their] thought process in arriving at a particular age-category determination." *Id.*

The *Bowie* court described the guidance of the Hearings, Appeals and Litigation Law Manual of the Social Security Administration (HALLEX) as informative, but not binding. *Id.* at 397. When a claimant is "within a few days or months of a higher age category" and using the higher age category would result in a determination of disabled, HALLEX applies a "sliding scale" approach to determine whether to use the claimant's chronological age or the higher age. *Id.* (citing HALLEX II-5-3-2). The claimant must show "additional vocational adversities," such as other impairments that infringe on the remaining occupational base; a marginal ability to communicate in English; or work experience in an unskilled job in

one isolated industry or work setting. *Id.* at 397-98, 400. Absent these or similar factors, the ALJ "will use the claimant's chronological age—even when the time period is only a few days." *Id.* at 400.

Although an ALJ is not obligated to address a borderline age situation, the "lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence." *Bowie*, 539 F.3d at 401. For example, error may be found "where an ALJ, with no explanation, places a claimant in the 'younger individual' age category who is 49 years and 11 months, unskilled, sedentary, barely literate, and whose only previous work experience was in the fishing industry." *Id.* But while the plaintiff in *Bowie* was just two months shy of turning 50, she had no other vocational adversities given that she could perform unskilled, sedentary work and had two years of college education. *Id.* at 396, 401. And in *Caudill v. Comm'r of Soc. Sec.*, the Sixth Circuit found that the ALJ properly used the chronological age for a plaintiff who was 54 and ten months, barely literate, could perform light work, and had semiskilled work experience in an isolated industry. 424 F. App'x 510, 517-18 (6th Cir. 2011).

Plaintiff here was about three months shy of turning 55 at the time of the hearing decision and was restricted to sedentary work, but he had no

other vocational adversities that would warrant using the higher age category. He is literate and can communicate in English, has a graduate degree, and has skilled work experience in human resources—a position common across all industries. ECF No. 7-2, PageID.67, 79. Thus, as in *Bowie*, the ALJ did not err by relying on plaintiff's chronological age.

Plaintiff contends that his severe impairments constitute a vocational adversity. ECF No. 15, PageID.1622. But the ALJ considered those impairments and found that plaintiff could still perform a reduced range of sedentary work—an RFC that plaintiff does not contest. Relying on the VE's testimony, the ALJ found that plaintiff's RFC enabled him to perform jobs existing in significant numbers in the national economy. Plaintiff does not explain how his RFC may further erode his occupational base. *See Burgett v. Comm'r of Soc. Sec.*, No. 18-13940, 2020 WL 1249115, at *3 (E.D. Mich. Mar. 16, 2020), *vacated and remanded on other grounds*, No. 20-1350, 2021 WL 4955264 (6th Cir. Aug. 19, 2021) ("Plaintiff does not furnish any authority to support the notion that functional limitations relieve the applicant's requirement to demonstrate a showing of additional vocational adversities."); *Gilliam v. Comm'r of Soc. Sec.*, No. 14-12335, 2015 WL 3580502, at *26 (E.D. Mich. June 5, 2015) ("[T]he ALJ could justifiably conclude that despite Plaintiff's impending birthday, and the

consequent change of age categories, the VE's testimony accurately reflected the occupational base available to Plaintiff."). Thus, the ALJ did not err in classifying plaintiff as a person closely approaching advanced age.

**2.**

A claimant has transferable skills when skilled or semi-skilled work activities that he performed in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work. 20 C.F.R. § 404.1568(d)(1); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855-56 (6th Cir. 2010). The Commissioner has the burden to demonstrate that plaintiff had transferable skills. *Preslar*, 14 F.3d at 1110-11.

The VE testified that plaintiff had past work as a labor relations manager and a human resources advisor, both of which were skilled positions. ECF No. 7-2, PageID.79. The VE stated that plaintiff acquired these transferable skills from those positions:

- Ability to motivate, develop, and direct people;
- Writing skills to communicate effectively;
- Speaking skills (talking to others effectively to convey information);
- Reading comprehension;
- Active listening;
- Social perceptiveness (being aware of others' reactions);

- Negotiation (bringing others together and trying to reconcile differences);
- Time management (managing one's own time and time of others); and
- Information organization.

*Id.*, PageID.81.  The VE concluded that these skills were transferable to the semi-skilled positions of appointment clerk and information aid—jobs that also align with the RFC.  *Id.*  The ALJ adopted those findings in the hearing decision.  *Id.*, PageID.50-51.

Plaintiff contends that the "skills" the VE identified are not true skills but general tasks or aptitudes common to both skilled and unskilled work.  ECF No. 11, PageID.1584-1586.  SSR 82-41 defines "skill" as "knowledge of a work activity which requires the exercise of significant judgment that goes beyond the carrying out of simple job duties and is acquired through performance of an occupation which is above the unskilled level."  The Sixth Circuit has recognized the distinction between a "skill" and an "aptitude":

> Webster defines "skill" as the "*learned* power of *doing* something competently: a *developed* or *acquired* aptitude or ability."  A skill, unlike a simple aptitude, is acquired and relates to doing a specific act….  Skills relate to specific "vocationally significant work activities," while aptitudes involve only "basic work activities necessary to do most jobs."

12

*Bogema v. Sec'y of Health & Human Servs.*, 787 F.2d 588, *2 (Table) (6th Cir. 1986) (quoting *Blake v. Sec'y of Health & Human Servs.*, 528 F. Supp. 881, 885-86 (E.D. Mich. 1981) (emphasis in original).

The VE here correctly identified transferrable "skills." As a senior human resources consultant, plaintiff supervised two people. ECF No. 7-6, PageID.240, 244. Motivating, developing, and directing people; relating to and speaking effectively with others; and managing one's time and the time of others relate to supervision skills. *See Kyle*, 609 F.3d at 856-57 (noting that the plaintiff's ability to interact with others, relate to people, and meet production quotas related to transferable supervision skills); *Bogema*, 787 F.2d at *3 ("working with people" was a skill because it involved plaintiff overseeing the work of two or three other employees).

Plaintiff also negotiated contracts and settled grievances. ECF No. 7-2, PageID.69-71; *Troutman v. Berryhill*, No. 16-CV-539, 2017 WL 4098629, at *2 (N.D. Okla. Sept. 15, 2017) (describing the "transferable skills of contract negotiation and cost estimation"); *Surkand v. Massanari*, No. CIV A 00–3175, 2001 WL 1020358, at *6 (E.D. La. Sept. 4, 2001), *adopted*, 2001 WL 1518292 (E.D. La. Nov. 28, 2001) (plaintiff's skills included "negotiating and decision-making"). And the fact that some of plaintiff's skills may involve reading, writing, and communicating—abilities common

13

to most people—does not render them innate aptitudes rather than learned skills.  See *Steiner v. Sec'y of Health & Human Servs.*, 859 F.2d 1228 (Table) (6th Cir. 1987).

Plaintiff also argues that the ALJ failed to explain how those skills were transferable to the jobs that the VE found he could perform.  ECF No. 15, PageID.1616-1617.  When the transferability of skills must be decided, ALJs are to identify the acquired work skills and cite the occupations to which they are transferable.  SSR 82-41.  The ALJ did so here.  Even so, the Sixth Circuit has held that SSR 82-41 does not apply when, as here, the ALJ relies on VE testimony and not solely on the grids.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 549 (6th Cir. 2004); *see also Booker v. Comm'r of Soc. Sec.*, No. 4:19-cv-12194, 2020 WL 9050115, at *10-11 (E.D. Mich. May 27, 2020), *adopted*, 2021 WL 1192911 (E.D. Mich. Mar. 30, 2021).  And an ALJ can rely on a VE's testimony to "determine whether a claimant's work skills can be used in other work, and, if so, the specific occupations in which they can be used."  *Kyle*, 609 F.3d at 855; *Wilson*, 378 F.3d at 549 (collecting cases).  Thus, the Court finds plaintiff's arguments about the transferability of skills to lack merit.

Last, plaintiff argues that the ALJ erred in finding that he had transferable skills, as he did not address whether the cited jobs would

14

involve vocational adjustment. ECF No. 11, PageID.1577-1583. The regulations state that claimants of advanced age who are limited to sedentary work "have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to [their] previous work that [they] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1568(d)(4). But that regulation does not apply here, as the ALJ properly found that plaintiff was a person closely approaching advanced age.

Given that plaintiff was a person closely approaching advanced age with transferable skills, the grids direct a finding of not disabled under Rule 201.15.

### IV. Conclusion

The Court **RECOMMENDS** that plaintiff's motion for summary judgment (ECF No. 11) be **DENIED**, the Commissioner's motion for summary judgment (ECF No. 13) be **GRANTED**, and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 22, 2023

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.* And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

16

limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2023.

>
> s/Marlena Williams
> MARLENA WILLIAMS
> Case Manager