UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY BARNETT,

       Plaintiff,                              Case Number 22-12263
                                                    Honorable David M. Lawson
v.                                                Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

Plaintiff Roy Barnett, a 56-year-old man, says that he cannot work because of intractable back pain and other physical and mental health impairments. His application for disability insurance benefits under Title II of the Social Security Act was denied after an administrative hearing, and he filed this case seeking review of the Commissioner's decision. The case was referred to United States Magistrate Judge Elizabeth A. Stafford under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment asking for affirmance of the Commissioner's decision. Magistrate Judge Stafford filed a report on September 22, 2023, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, to which the defendant responded. The matter is now before the Court.

Barnett describes the main dispute in this case as the failure of the administrative law judge (ALJ) to address an age demarcation issue presented by the regulations, which could have been critical in the determination of whether he should be found to be disabled under the applicable rules. Barnett, who is now 56 years old, filed his application for disability insurance benefits on February 1, 2021, when he was 53. At the time of his hearing, Barnett was three months shy of turning 55 years old. He is a college graduate with past work experience as a labor relations manager and human resource advisor. He alleges that he is disabled because he suffers from lumbar spinal stenosis, morbid obesity, hypertension, diabetes mellitus, depression, and attention deficit hyperactivity disorder. In his application for benefits, the plaintiff alleged a disability onset date of May 26, 2020.

Barnett's application was denied initially on July 29, 2021 and upon reconsideration on December 7, 2021. He timely filed a request for an administrative hearing, and on May 18, 2022, he appeared telephonically before ALJ Roy LaRoche, Jr. On June 1, 2022, ALJ LaRoche issued a written decision in which he found that Barnett was not disabled. On July 22, 2022, the Appeals Council denied Barnett's request for review of the ALJ's decision. Barnett then filed his complaint seeking judicial review of the denial of his requested benefits.

The ALJ determined that Barnett was not disabled by applying the five-step sequential analysis prescribed by the Secretary of Health and Human Services in 20 C.F.R. § 404.1520. The Commissioner's application of the first four steps and the determination of Barnett's residual functional capacity to work are not contested. Barnett takes issue with the way the ALJ handled the fifth step.

At step one of the analysis, the ALJ found that Barnett had not engaged in substantial gainful activity since May 26, 2020. At step two, he found that Barnett suffered from lumbar spinal stenosis and morbid obesity — impairments that were "severe" within the meaning of the Social Security Act. The ALJ found that the plaintiff's other disorders — including hypertension, diabetes mellitus, depression disorder, and attention deficit hyperactivity disorder — were not severe, but he considered them in his overall disability determination. At step three, the ALJ determined that none of the severe impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Barnett retained the functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with certain limitations. The ALJ determined that Barnett (1) requires the use of an assistive device (such as a cane) for prolonged ambulation defined as greater than 20 feet and can occasionally push and pull with the bilateral lower extremities, (2) can perform postural activities occasionally, but never climb ladders, ropes, or scaffolds, and (3) cannot work with vibrating tools or around unprotected heights and dangerous moving machinery. Based on that RFC, the ALJ determined at step four of the analysis that the plaintiff could not perform his past relevant work as a labor relations manager — which was skilled work performed by Barnett at the medium exertional level — or human resources advisor — which also was skilled work but performed by Barnett at the medium to heavy exertional level.

At step five, the ALJ relied on the testimony of a vocational expert (VE), who was asked if there were a significant number of sedentary jobs in the national economy that Barnett could

perform within his limitations and considering the transferable skills that he acquired at his past relevant work. The VE identified the occupations of appointment clerk (65,000 positions in the national economy) and information aide (26,000 positions nationally). Based on those findings, — and noting that, if the plaintiff had the capacity to perform a full range of sedentary work, then a "not disabled" finding would have been mandated by Medical Vocational Rule 201.15 (which he used as a framework for his decision) — the ALJ concluded that Barnett was not disabled within the meaning of the Social Security Act.

In his motion for summary judgment, Barnett took no issue with the ALJ's determination at steps one through four of the sequential analysis. His challenge was to the step five finding when the ALJ resorted to Grid Rule 201.15 as the appropriate framework for his decision. Barnett's argument sets up a series of dominos that, if they fall as he thinks they should, would compel the use of different Grid Rules (210.06 or 201.14) and would result in a finding of "disabled." First, he says that the ALJ failed to mention (and therefore failed to consider) the borderline age rules, resulting in the use of the incorrect age category, because Barnett was within a couple months of the older-age threshold. He contends that the older age category would have impacted whether Barnett would have to make a vocational adjustment to be able to apply the transferred skills acquired from his past relevant work, as called for by 20 C.F.R. § 404.1568(d)(4), and which the ALJ failed to analyze or even mention. He asserts that the transferable skills identified by the vocational expert were not "skills" at all, but rather aptitudes that are characteristic of unskilled work. If all of those considerations fall his way, Barnett believes that Grid Rules 210.06 or 201.14 would govern and direct a finding of "disabled." Because none of this was

- 4 -

discussed by the ALJ in his written decision, Barnett contends that the decision was not supported by substantial evidence, and the case must be remanded for consideration of these issues.

The magistrate judge rejected each of Barnett's arguments. She found that the ALJ did not err by choosing not to apply the older age category to the plaintiff's case because there is no *per se* requirement that an ALJ address borderline age categorization in every borderline case. The magistrate judge relied heavily on *Bowie v. Commissioner of Social Security*, 539 F.3d 395 (6th Cir. 2008), which provided guidance on nearly all the issues raised in this case. Citing *Bowie*, the magistrate judge observed that although in some cases an ALJ's failure to explain his decision not to consider a claimant's borderline age may require a remand, those cases feature claimants who had severe vocational adversities, unlike the plaintiff here. The magistrate judge then determined that the ALJ appropriately identified the plaintiff's acquired skills and cited the occupations to which they could be transferred. She also explained that the ALJ need not explain how the skills were transferable where, as here, the ALJ relied on vocational expert testimony. Moreover, she added that an ALJ need not have addressed the vocational adjustment issue because the ALJ properly categorized the plaintiff as a person closely approaching advanced age rather than a person of advanced age.

Addressing the plaintiff's argument that the transferable skills identified by the VE were not true "skills" but general aptitudes, the magistrate judge found that the VE had correctly identified several transferable skills developed by the plaintiff in his role supervising two people as a human resources consultant. These skills include motivating others; developing and directing people; relating to and speaking effectively with others; and managing one's time and the time of

others. The magistrate judge explained that the fact that these skills incorporated other skills common to most people, like reading, writing, and communicating, did not mean that they were not learned skills. The magistrate judge suggested, therefore, that substantial evidence supported the decision and remand was not required.

The plaintiff filed three objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

The plaintiff first argues that the magistrate judge essentially misconstrues his argument. The magistrate judge, he believed, viewed his argument as critical of the ALJ's ignoring the borderline age issue. In truth, he says, the ALJ never even acknowledged it as an issue. Because there was no mention of Barnett's age or that he was within three months of becoming a "person of advanced age" under the Social Security regulations, and because the regulations mandate avoidance of a mechanical application of chronological age in "borderline situations," Barnett contends that the magistrate judge was wrong not to recommend a remand to the Commissioner for a fulsome discussion of these issues. He concedes that there is no *per se* requirement that an ALJ must address borderline categorization in every case, but he maintains that in cases where a shift to the older age category would result in a finding of "disabled," the ALJ should be required to indicate that he considered the borderline age issue. He argues that the magistrate judge misinterprets *Bowie* and failed to recognize the plaintiff's case as one requiring additional explanation due to his sedentary work categorization and his medical impairments.

*Bowie* addressed all of these issues, and the magistrate judge's reliance on it was entirely reasonable. Barnett says that the case is distinguishable because, although it did not say that the ALJ must perform an analysis to address borderline age categorization in every case, "the ALJ must be required to as least indicate (implicitly or explicitly) that the borderline age was considered." Obj. at 3, ECF No. 17, PageID.1645. But the *Bowie* court addressed that very issue. *See* 539 F.3d at 398-99 ("On Bowie's reading of [20 C.F.R. § 404.1563(b)], this means that the ALJ is required to acknowledge Bowie's borderline status explicitly and to make an explicit

- 7 -

determination regarding which age group is most appropriate, and that an ALJ's failure to conduct an explicit borderline age analysis constitutes a mechanical application of the age categories in violation of § 1563(b). Accordingly, Bowie argues that the ALJ committed procedural error by not addressing her borderline status or otherwise explicitly indicating that he considered it."). The court of appeals held that on the facts of that case, which were more compelling than the facts of the present case, "it was procedurally acceptable for the ALJ not to address in his opinion that Bowie was 'borderline' between age groups under 20 C.F.R. § 404.1563(b)." *Id.* at 396.

The *Bowie* court did suggest that an ALJ must give "some indication that he considered borderline age categorization" in certain situations; the court explained that giving a reviewing court some insight into the ALJ's thinking may be required "in cases where the record indicates that use of a higher age category is appropriate." *Id.* at 399. That means, apparently, that discussion is required when using an older age bracket may make a difference. And an analysis of that type calls for looking at the record beyond the ALJ's written decision, which would not amount to *post hoc* reasoning, as the plaintiff argues.

The magistrate judge concluded that applying the older age category would not have resulted in a disability finding. Why? Because the more rigorous examination of the transferability of skills applied to workers of advanced age under 20 C.F.R. § 404.1568(d)(4) would still result in a determination that the skills Barnett acquired in his past relevant work as a labor relations manager and HR advisor were transferrable. The magistrate judge acknowledged that the Commissioner bears the burden of proof on that point. R&R at 11, ECF No. 16, PageID.1636. But that burden was met, and the decision was supported by substantial evidence, mainly because

the skills described by the VE could be transferred without much vocational adjustment, Barnett practiced those skills in his managerial work just a few years before the ALJ's decision, and the plaintiff did not develop an argument that he had vocational adversities beyond those considered by the ALJ to fashion the RFC.

The first objection will be overruled.

Second Objection

In his second objection, Barnett argues that the magistrate judge incorrectly determined that he had no additional vocational adversities that would warrant using the higher age category because she failed to recognize that his non-severe medical impairments affect his ability to function in the workforce. This argument bears on considerations of when an ALJ should use an older age category in borderline situations.

The *Bowie* court addressed this argument as well, explaining that the Social Security Administration's "Hearings, Appeals and Litigation Law Manual (HALLEX)" furnishes guidance to adjudicators on this point. *Bowie*, 539 F.3d at 397. The court explained that when determining whether to use a claimant's chronological age or an older one when applying the Grid Rules, the ALJ uses a "'sliding scale' approach." *Ibid.* "'Under this approach, the claimant must show progressively more additional vocational adversity(ies) — to support use of the higher age — as the time period between the claimant's actual age and his or her attainment of the next higher age category lengthens.'" *Ibid.* (quoting HALLEX § II-5-3-2). The court explained further that "additional vocational adversities" included "the presence of an additional impairment that infringes on the claimant's remaining occupational base." *Ibid.* HALLEX includes examples of

such "additional" adversities as language deficits, narrow work experience, and employment in isolated industries, such as forestry. *Ibid.*

Barnett identified his additional adversities as his age and the impairments described by the ALJ in his written decision. He does not explain how those adversities were "additional" to the considerations discussed by the ALJ in his written decision. The ALJ knew Barnett's age (he cited his birthday in the decision, ECF 7-2, PageID.50), and he discussed all of Barnett's impairments, both severe and non-severe, *id.* at PageID.42-44. And Barnett never developed an argument on how those impairments eroded his occupational base. Faced with a similar record, the *Bowie* court endorsed the Appeals Council's HALLEX advice:

> Absent a showing of additional adversity(ies) justifying use of the higher age category, the adjudicator will use the claimant's chronological age — even when the time period is only a few days. *The adjudicator need not explain his or her use of the claimant's chronological age.*

*Bowie*, 539 F.3d at 400. That is not a burden-shifting declaration. It is up to the claimant to point out how the ALJ made a mistake and to provide an explanation as to its significance. The plaintiff's presentation here does not meet that challenge.

The second objection will be overruled.

Third Objection

In his third objection, the plaintiff maintains that the magistrate judge brushed off his argument that the combination of multiple errors committed by the ALJ establishes that the decision is not warranted by substantial evidence. One of those errors refers to the confusion of aptitude with skills when considering transferability of acquired job skills. This argument is not developed in the objections. The Court believes that the ALJ and the magistrate judge identified

- 10 -

traits that properly were characterized as "skills" — that is, something that is learned or acquired from doing a job competently, *see Bogema v. Sec'y of Health & Hum. Servs.*, 787 F.2d 588, 1986 WL 16620, *2 (6th Cir. 1986) (table) ("Skills relates to specific 'vocationally significant work activities', while aptitudes involve only 'basic work activities . . . necessary to do most jobs'."). *See* R&R at 12-13, ECF No. 16, PageID.1637-38; ALJ Decision at 12, ECF No. 7-2, PageID.50.

The third objection will be overruled.

* * * * * * * * *

After a fresh review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and recommendation and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 16) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 17) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 13) is **GRANTED**. The findings of the Commissioner are **AFFIRMED**, and the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 23, 2024